UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>TOBY TURPIN,<br><br>                  Defendant. | Case No. 1:18-cr-00031-BLW-1<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On February 7, 2018, Defendant Toby Turpin appeared on a summons before the undersigned United States Magistrate Judge for an Initial Appearance on the Information (Dkt. 1) and to enter a plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to prosecution by Indictment and also a waiver of the right to have the presiding United States District Judge take his plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Information (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence

REPORT AND RECOMMENDATION - 1

investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant filed a motion requesting he be placed on release pending sentencing. (Dkt. 8.) In his motion, Defendant indicates that: (1) there is a low risk of flight or danger to the community; (2) he has maintained steady employment for over one and one-half years, which allows him to provide for his fiancé and three young children, ages 5 and twins age eight months; (3) he is participating in an outpatient substance abuse treatment program; and (4) he has strong ties to the community, as well as a significant familial and community support system demonstrated by numerous letters submitted to the Court. Ball Aff. Ex. 1. (Dkt. 8.)

At the time of his initial appearance and the plea hearing, the Court reviewed the pretrial services report, and inquired as to the Government's position. Although the Government had not filed a motion for detention before the arraignment and plea hearing, the Government made an oral motion for detention per Section 3143(a)(2) of Title 18. Based on its investigation, Pretrial Services recommended release conditions that exist to

reasonably assure the safety of the community and Defendant's appearance at all further proceedings. The Government proffered no evidence that Defendant presents a risk of nonappearance or a danger to the community, resting solely on Section 3143(a)(2) and its argument that the reasons Defendant presented in support of release pending imposition of sentencing were not exceptional.

The Court reviewed the information presented in the report from Pretrial Services and in Defendant's motion, and considered the parties' arguments at the hearing. The Court finds exceptional reasons were clearly shown as to why detention of Defendant pending imposition of sentencing would not be appropriate. In this case, Defendant appeared before the Court on a summons and Information more than one year after the date of the offense conduct. He has no significant criminal history. Defendant is currently participating in a substance abuse treatment program that would be disrupted if he was detained. He has stable employment, and his employer is both supportive of his continued employment and Defendant's treatment program. Defendant provides both familial and financial support to his fiancé and three young children. And, the Court reviewed the extensive compilation of letters submitted on Defendant's behalf from family and community members. The Court imposed stringent conditions of release, and expects Defendant to maintain compliance with the same, including continuing his employment, providing for his family, and fully participating in his substance abuse treatment program.

Upon consideration of the above evidence, and considering the totality of the circumstances presented in this case, the Court finds Defendant is exceptionally unlikely

to flee or present a danger to the community if release on conditions. The Court therefore ordered that Defendant be released on his own personal recognizance, subject to supervision by pretrial services and both the standard and additional conditions of release he acknowledged on February 7, 2018. The Court further recommends that release be continued subject to these same conditions pending sentencing.

///

## **RECOMMENDATION**

### NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant Toby Turpin's plea of guilty to Count 1 of the Information (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant Toby Turpin's admission to the Criminal Forfeiture allegation in the Information (Dkt. 1) and the Plea Agreement.

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release imposed in the Order Setting Conditions of Release.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: February 7, 2018

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE