UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TOBY TURPIN,<br><br>　　　　Defendant. | Case No. 1:18-cr-00031-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Toby Turpin's Motion for Early Termination of Probation. Dkt. 32. Turpin's probation officer supports the motion. The Government opposes the motion. For the reasons that follow the Court will grant the motion.

## BACKGROUND

Turpin pled guilty to one count of distribution of methamphetamine. Dkt. 7. On May 1, 2018, Turpin was sentenced to 5 years probation. Dkt. 26. This was Turpin's first criminal conviction. *See PSR* at 5, Dkt 20.

Turpin's conviction resulted from law enforcement finding text messages between the target of a collateral investigation and Turpin, consistent with drug

**MEMORANDUM DECISION AND ORDER - 1**

distribution. *Id.* at 3. When law enforcement approached Turpin about the text messages he admitted to selling what appeared to be two ounces of methamphetamine. *Id.* Turpin told law enforcement that he had attempted to order cocaine, because he was addicted, but instead received methamphetamine. *Id.* at 4. Turpin did not want the methamphetamine, could not send it back, and attempted to sell it. *Id.*; *See Def.'s Sentencing Mem.* at 2, Dkt. 23. A law enforcement source admitted to buying the methamphetamine from Turpin and stated that the methamphetamine was overpriced, and Turpin did not seem to know what he was doing. *PSR* at 4.

Turpin was placed on home confinement for the first nine months of his probation. *Id.* On January 14, 2019 the Court granted Turpin's motion to modify his conditions of probation, releasing him from home confinement ten days early, due to his "exemplary performance on probation." Dkt. 31. In its Order the Court found that Turpin had obtained drug treatment, held down a steady job, and complied with all conditions of his home confinement. *Id.* The Court also noted that Turpin had significant support of his family and friends. *Id.*

Turpin has been employed with Mobile Concrete of Idaho for two years. *Turpin Dec.* ¶ 1, Dkt. 35. Turpin's manager describes Turpin as "one of my best employees." *Cantrell Email*, Dkt. 32-4. Turpin's current employment does not

**MEMORANDUM DECISION AND ORDER - 2**

provide health insurance or other benefits. *Ball Dec.* ¶ 4, Dkt. 32-2. Turpin has been offered a position with a contractor for the U.S. Government as a concrete boom truck operator in the Arco desert scheduled to begin on June 15. *See Perry Letter*, Dkt. 32-6. This position would provide Turpin with a significant pay raise, medical benefits for himself and his family, and a pension plan. *Id.*; *Turpin Letter*, Dkt. 32-3. This new position would help Turpin's family become financially secure. *Turpin Letter*, Dkt. 32-2.

To obtain the new job, Turpin will need to pass a background check. *Ball Supp. Dec.* ¶ 3, Dkt. 33. The union representative does not believe Turpin will be able to pass a background check while being on probation. *Id.* The person responsible for coordinating background checks for the contractor indicated that Turpin may be able to pass a background check while on probation, but was uncertain on this point. *Id.* If Turpin is unable to pass the background check, he will have to wait six months before applying again. *Id.* ¶ 4.

All of Turpin's probation and pretrial service officers support termination of probation. *Ball Dec.* ¶¶ 7-8, Dkt. 32-2. In January 2019 Turpin was transferred to probation's administrative caseload. *Id.* ¶ 7. He has no face-to-face contact with his probation officer, instead submitting a monthly report. *Id.* Turpin is considered "low risk" and has done very well on probation. *Id.*

**MEMORANDUM DECISION AND ORDER - 3**

The Government agrees that Turpin has done very well on probation, but opposes early termination because Turpin has served only two years of his five year sentence. *Gov't Resp.* at 1-2, Dkt. 34. The Government also believes the risk of not passing a background check is speculative. *Id.* at 2.

## LEGAL STANDARD

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires the court to consider factors set forth in § 3553(a), to the extent they are applicable. Those factors include, among other things, the nature and circumstances of the offense, the need for deterrence, the need to protect the public, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). After considering those § 3553(a) factors, the court may "terminate a term of probation previously ordered and discharge the defendant … at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). Simply complying with the terms and conditions of probation is "not sufficient to justify early termination." *United States v. Evertson*, No. 4:06–cr–206–BLW, 2011 WL 841056, *3 (D. Idaho Mar. 7, 2011). Defendants seeking early release must go "above and beyond." *Id.* at *1.

# ANALYSIS

A.  § 3553(a) Factors

The Court has reviewed all of the § 3553(a) factors. In particular, the Court notes the following factors:

### 1. Nature and Circumstances of the Offense

Law enforcement discovered the text messages sent by Turpin as part of a collateral investigation. When approached, Turpin self-reported that he sold about two ounces of methamphetamine ten months before being contacted. Turpin had a personal drug problem and ordered cocaine from a source in California. When he received methamphetamine, he did not want it, could not send it back, and sold it. The individual who bought the methamphetamine told law enforcement that Turpin did not seem to know what he was doing. This is not consistent with someone who regularly deals methamphetamine. However, ordering drugs from out of state shows some level of sophistication. And, the defendant did distribute methamphetamine.

### 2. History and Characteristics of Defendant

Turpin's employers describe him as a good, reliable employee, and hard worker. He has strong support of his family and friends. *See* Dkt. 20-2, 20-3, 32-5. Turpin is married with two young children and a stepson. Of note, the father of Turpin's stepson described Turpin as a positive influence in his stepson's life. Dkt.

20-2 at 10. Turpin is seeking to have his probation terminated so that he can take a better paying job, with better benefits, to provide financial stability for his family.

When confronted by law enforcement, Turpin took responsibility for his actions and assisted the government in its investigation. *See* Dkt. 22. This was Turpin's first criminal conviction. Shortly after being indicted, Turpin voluntarily enrolled in outpatient treatment. Dkt. 23-2. Turpin's counselor described him as "very motivated to maintain his long-term recovery so that he can be a good father." *Id.* Turpin is now on Probation's administrative case load and has no face-to-face contact with his probation officer. By all accounts he has been clean and sober since 2018 and is committed to providing for his family.

### 3. Deterrence and Protection of the Public

Turpin's counsel argues that his arrest and conviction deterred him from the desire to engage in future criminal conduct. *Mot.* at 8. The Government does not dispute this. Turpin's conviction was an isolated incident, for which he has taken responsibility. He was a non-violent offender. It appears to the Court that the conviction provided significant deterrence. It does not appear that a continued term of probation on administrative supervision would have a further deterrent effect or better protect the public.

### 4. Sentence and Sentencing Range

MEMORANDUM DECISION AND ORDER - 6

Turpin has a criminal history category I, the offense level was 16 after the Government's 5K1.1 motion. This resulted in a guideline range of 21 to 27 months. *See Sentencing Rec.*, Dkt. 21. The probation officer recommended a sentence of 12 months and one day followed by three years of supervised release. *Id.* The Court granted Turpin's motion for a variance due to his role in the offence, his immediate self-reporting when contacted by law enforcement, his presentence rehabilitation, to reflect the seriousness of the offense, and to provide the defendant with treatment in the most effective manner. Dkt. 28. The Court sentenced Turpin to five years' probation.

B.   **The Interests of Justice**

Turpin has fully complied with the terms of his probation. However, this alone is not sufficient to warrant early termination of probation. *See Evertson*, 2011 WL 841056, *3. Turpin is not merely seeking early termination due to his good behavior. Instead, he is seeking early termination to ensure that he can pass a background check and accept a job offer that will allow him to better provide for his family. This is a changed circumstance that warrants early termination.

All of the probation officers who have supervised Turpin support early termination. The Government only seriously objects on the grounds that he should be required to fulfill the five years of probation. What the Government fails to

**MEMORANDUM DECISION AND ORDER - 7**

consider, is that Turpin is precisely where the legal system wants him to be in addressing his addiction and becoming a contributing member of society. In these unique circumstances, keeping him on probation may undermine his efforts to remain in that good place. Considering all of the factors described above, the Court finds that it is in the interest of justice to terminate Turpin's term of probation early.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Early Termination of Probation (Dkt. 32) is **GRANTED**.

2. Defendant's Motion to Appoint Counsel Under the Criminal Justice Act (Dkt. 36) is **GRANTED.** Pursuant to 18 U.S.C. § 3006A, Katherine Ball an attorney for the District of Idaho is appointed to represent this defendant in these proceedings. This appointment shall be retroactive to include any representation furnished prior to appointment.

DATED: June 8, 2020

B. Lynn Winmill
U.S. District Court Judge